EXHIBIT A

Filed 6/12/2014 12:08:26 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-14-005346
Blair Hicks

NO. C-1-CV-14-005346

| | | |
|---|---|---|
| **JAIDRO ROQUE,** | § | IN THE COUNTY COURT AT LAW |
| *Plaintiff* | § | |
| | § | |
| V. | § | NO. 2 |
| | § | |
| **NEW 888 RESTAURANT, L.L.C.** | § | |
| **(d/b/a 888 PAN ASIAN RESTAURANT),** | § | |
| **KEVIN LE, AND LIEN TRAN** | § | |
| *Defendants* | § | OF TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Now comes Jaidro Roque, Plaintiff in the above-styled action, complaining of the conduct of Defendants, and for cause of action respectfully shows this Court as follows:

### INTRODUCTION

1. This is a suit brought by the Plaintiff, Jaidro Roque, against the Defendants New 888 Restaurant L.L.C. (d/b/a 888 Pan Asian Restaurant), Kevin Le, and Lien Tran who regularly employed Mr. Roque for more than 40 hours per week at the 888 Pan Asian Restaurant in Austin, Texas, but consistently failed to pay him the minimum wages and overtime pay required by law. The Plaintiff seeks to recover his unpaid minimum wages and overtime pay, plus liquidated damages, interest, costs, and attorney fees as provided by law.

### PARTIES

2. Plaintiff JAIDRO ROQUE is an individual residing in Travis County, Texas.

3. Defendant NEW 888 RESTAURANT, L.L.C. is a domestic limited liability company incorporated under the laws of the State of Texas and doing business in Texas. Defendant may be served by serving its registered agent, Kevin Le, at 2400 E. Oltorf, Suite 1-A, Austin, TX 78741.

4.     Defendant KEVIN LE is an individual residing in Travis County, Texas.  He may be served at his residence at 1903 Parker Ln, Austin, TX 78741.

5.     Defendant LIEN TRAN is an individual residing in Travis County, Texas.  She may be served at her residence at 1903 Parker Ln, Austin, TX 78741.

### JURISDICTION

6.     This court has jurisdiction to hear the merits of Plaintiffs' claims under 29 U.S.C. § 216(b).  Plaintiffs seek monetary relief within the court's jurisdictional limits.  Specifically, Plaintiffs seek monetary relief between $100,000 and $200,000.  Plaintiffs reserve the right to amend their claim for relief as evidence develops or damages or attorney's fees increase.

### VENUE

7.     Venue is proper in Travis County, Texas.  A substantial part of the Plaintiff's employment by, and/or work for the Defendants took place in Austin, Travis County, Texas and a substantial part of Defendants' actions violating the Plaintiff's employment rights occurred in Austin, Travis County, Texas.  In addition, the Defendants reside and do business in Travis County, Texas.

### DISCOVERY CONTROL PLAN

8.     The Plaintiff intends for this suit to be conducted under Discovery Level 2, pursuant to TEX. R. CIV. P. 190.3.

### REQUEST FOR DISCLOSURE

9.     The Plaintiff requests that Defendants serve upon the Plaintiff, within 50 days of receipt of this petition, disclosure of all information listed under Rule 194.2(a)-(i) of the TEXAS RULES OF CIVIL PROCEDURE as required under Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE.

## FACTS

10.    From June 2012 through approximately March 2013 (the "relevant period"), the Plaintiff was employed as a kitchen worker in the Defendants' restaurant, known as 888 Pan Asian Restaurant and located at 2400 East Oltorf Street, Suite 1-A, Austin, Travis County, Texas.

11.    At all times during the relevant period, Plaintiff's employment by 888 Pan Asian Restaurant was covered by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

12.    At all times during the relevant period, 888 Pan Asian Restaurant has had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and has had an annual gross volume of sales made or business done of not less than $500,000.

13.    At all times during the relevant period, Plaintiff's employment was covered by the Texas Minimum Wage Act, Chapter 62 of the TEX. LABOR CODE.

14.    At all times during the relevant period, each of the Defendants was an employer of the Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Texas Minimum Wage Act, Chapter 62 of the TEX. LABOR CODE.

15.    Defendant New 888 Restaurant, L.L.C. formally owns and operates 888 Pan Asian Restaurant and controls all of its employment matters.

16.    Defendants Kevin Le and Lien Tran each possess the power to hire and fire employees of 888 Pan Asian Restaurant, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, and maintain employment records.

17.    In performing his duties as an employee of the Defendants, the Plaintiff regularly worked more than 40 hours per week. The Defendants did not pay the Plaintiff any overtime pay for hours the Plaintiff worked in excess of 40 hours a week, even though Defendants are required to do so by law.

18.     Moreover, the Defendants compensated the Plaintiff at a rate so low that the Plaintiff's earnings frequently fell below the minimum wage required by state and federal law.

## CAUSES OF ACTION

19.     The above-described actions of the Defendants violated the Plaintiff's rights under the Fair Labor Standards Act, for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

20.     The above-described actions of the Defendants violated the Plaintiff's rights under the Texas Minimum Wage Act, for which Plaintiff is entitled to relief pursuant to TEX. LABOR CODE §62.201 and §62.205.

21.     The Plaintiff has fulfilled all prerequisites and/or requirements to bringing this suit and obtaining the relief sought herein.

## ATTORNEY'S FEES

22.     As a result of the Defendants' actions, the Plaintiff has had to engage counsel to pursue his claim and protect his legal rights.  Pursuant to the Fair Labor Standards Act and the Texas Minimum Wage Act, the Plaintiff is entitled to recover from the Defendants all reasonable and necessary attorneys' fees and expenses, including but not limited to attorneys' fees in any appeal.

## PRAYER

23.     WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully prays that the Defendants be cited to appear and answer, and that, upon final trial, the Plaintiff have judgment against the Defendants within the jurisdictional limits of this Court for:

    a.  the amount of the Plaintiff's unpaid minimum wage and overtime compensation;

    b.  an equal amount in liquidated damages;

    c.  post- judgment interest as provided by law;

    d.  costs of court, attorney fees and expenses, and;

e.  such other and further relief, at law or in equity, to which the Plaintiff may justly be

entitled.

Respectfully submitted,

By:  _____

Aaron Johnson
Texas State Bar No. 24056961
ajohnson@equaljusticecenter.org
William H. Beardall, Jr.
Texas State Bar No. 01980600
bbeardall@equaljusticecenter.org
EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER RIGHTS CLINIC
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel.: (512) 474-0007 ext-104
Fax: (512) 474-0008

Counsel for Plaintiff

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED **JAIDRO ROQUE V. NEW 888 RESTAURANT, L.L.C. (D/B/A/ 888 PAN ASIAN RESTAURANT), KEVIN LE, AND LIEN TRAN**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name<br>Aaron Johnson | Email:<br>ajohnson@equaljusticecenter.org | Plaintiff(s)/Petitioner(s)<br><br>Jaidro Roque<br>_____<br>_____ | ☐ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other |
| Address<br>510 S. Congress Ave., Ste. 206 | Telephone<br>(512) 474-0007 | | Additional Parties in Child Support Case: |
| City/State/Zip<br>Austin, TX 78704 | Fax:<br>(512) 474-0008 | Defendant(s)/Respondent(s)<br><br>New 888 Restaurant, L.L.C<br>Kevin Le<br>Lien Tran | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature | State Bar No.<br>24056961 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br>_____<br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property<br>_____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☒ Other Employment:<br>FLSA and TMWA | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | | Probate & Mental Health | |
|---|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

## CONSENT TO FILE SUIT UNDER THE FAIR LABOR STANDARDS ACT

I hereby give my consent to become a party plaintiff in a lawsuit under the Fair Labor Standards Act to recover unpaid wages for work I performed at NEW 888 RESTAURANT, L.L.C. (d/b/a 888 PAN ASIAN RESTAURANT) in Austin, Texas, during the last two years.

_____
Jaidro Roque, Plaintiff

Date: 6-11-14

### Translator's Certificate

I certify that I am fluent in English and Spanish, that I translated this document into Spanish for Plaintiff, whose name and signature appears above, and that he/she indicated that he/she clearly understood its contents and significance.

Translator

Signature: _____     Date: 6-11-14

Name: Fernando Salcedo

## Verification

My name is _Jaidro - Roques_, my date of birth is _10 - 25 - 87._ and
my address is _540 S Congress Ave  Austin Tx 78704_ I declare under penalty of
perjury that the factual statements in the attached petition are true and correct.

Executed in _Travis_ County, State of Texas, on _6 - 11 - 14_.

_____
Plaintiff


## Translator's Certificate

My name is _Fernando Salcedo_ my date of birth is _10/09/88_ and
my address is _3200 S. 1st Apt 515  Austin Tx 7864_ I declare under penalty of
perjury that I am fluent in English and Spanish, that I translated this document to the Plaintiff in
Spanish, and that the Plaintiff indicated that the Plaintiff clearly understood its contents and
significance.

Executed in Travis County, State of Texas, on _6/11/14_

Translator's signature: _Salcal_

Translator's name: _6/11/14_

Filed: 7/6/2014 4:37:55 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-14-005346
Catherine Jones

<u>NO. C-1-CV-14-005346</u>

| | | |
|---|---|---|
| **JAIDRO ROQUE,** | § | **IN THE COUNTY COURT AT LAW** |
| **Plaintiff** | § | |
| | § | |
| | § | |
| | § | **NO. 2** |
| | § | |
| **NEW 888 RESTAURANT, L.L.C.** | § | |
| **(d/b/a 888 PAN ASIAN RESTAURANT),** | § | |
| **KEVIN LE, AND LIEN TRAN,** | § | **OF TRAVIS COUNTY, TEXAS** |
| **Defendants** | § | |

<u>**DEFENDANT'S ORIGINAL ANSWER**</u>

**NOW COMES** New 888 Restaurant, L.L.C. d/b/a 888 Pan Asian Restaurant, named

"Defendant", in the above-entitled and numbered cause, and files this Original Answer, and

shows the Court:

**GENERAL DENIAL**

1.   Defendant denies each and every allegation of Plaintiff's Original Petition, and

demands strict proof thereof as required by the Texas Rules of Civil Procedure.

**AFFIRMATIVE DEFENSES**

By way of further answer, if any is needed, the Defendant shows the following:

1

2.   Defendant pleads payment as an affirmative defense.

3.   Plaintiff was an exempt employee from overtime pursuant to the statutory exemptions under the Fair Labor Standards Act.

4.   Defendant had a reasonable and good faith belief that Plaintiff was an exempt employee from overtime pursuant to the statutory exemptions under the Fair Labor Standards Act and further that Defendant's conduct did not violate the Fair Labor Standards Act, state or federal law.

5.   Defendant relied in good faith on written administrative regulation, order, ruling, approval, or interpretation issued by the Department of Labor Wage and Hour Division as per 29 U.S.C. §259.

6.   Defendant does not believe that it is an "employer" for the purposes of the Fair Labor Standards Act.

7.   Plaintiff's claims are barred by the doctrine of estoppel.

8.   Plaintiff's claims are barred by waiver.

9.   Defendant claims a setoff and credit to the extent of any wages already received by Plaintiff.

10.  Plaintiff's claims are barred by accord and satisfaction.

11.  Plaintiff's claims are barred under the doctrine of unclean hands.

12.  Plaintiff's claims are barred under the doctrine of after-acquired evidence.

13.  Defendant's actions were taken for legitimate non-discriminatory and non-retaliatory reasons.

14.  Defendant alleges it is not an "employer" as per Title VII (42 U.S.C. 2000) or

under Chapter 21 of the Texas Labor Code.

Denial of Conditions Precedent

15.     Defendant alleges that Plaintiff has failed to exhaust all administrative remedies
and therefore this Court lacks subject- matter jurisdiction over the claims of Plaintiff.


**PRAYER**


Defendant prays the Court, and after notice and hearing or trial, enters judgment in favor
of Defendant, awards Defendant the costs of court, attorney's fees, and such other and further
relief as Defendant may be entitled to in law or in equity.


Respectfully submitted,


By:/s/Brent A. Devere
Brent A. Devere
SBN# 00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080     Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Defendant

*New 888 Restaurant, L.L.C. d/b/a 888 Pan Asian
Restaurant*

3

## CERTIFICATE OF SERVICE

I certify that on July 7, 2014 a true and correct copy of Defendant's Original Answer was served by the electronic court filing system and/or facsimile transmission on the following party:

Aaron Johnson                                    VIA FAX: 512-474-0008
ajohnson@equaljusticecenter.org
William H. Beardall, Jr.
bbeardall@equaljusticecenter.org
Equal Justice Center and Transnational Worker Rights Clinic
510 S. Congress Avenue, Suite #206
Austin, Texas 78704

                                        /s/Brent A. Devere
                                        Brent A. Devere

<u>NO. C-1-CV-14-005346</u>

| | | |
|---|---|---|
| **JAIDRO ROQUE,** | § | IN THE COUNTY COURT AT LAW |
| **Plaintiff** | § | |
| | § | |
| | § | |
| | § | NO. 2 |
| | § | |
| **NEW 888 RESTAURANT, L.L.C.** | § | |
| **(d/b/a 888 PAN ASIAN RESTAURANT),** | § | |
| **KEVIN LE, AND LIEN TRAN,** | § | OF TRAVIS COUNTY, TEXAS |
| **Defendants** | | |

<u>DEFENDANTS' ORIGINAL ANSWER</u>

**NOW COME** Kevin Le and Lien Tran, named "Defendants", in the above-entitled and numbered cause, and file this Original Answer, and show the Court:

## GENERAL DENIAL

1.   Defendants deny each and every allegation of Plaintiff's Original Petition, and demand strict proof thereof as required by the Texas Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

By way of further answer, if any is needed, the Defendants show the following:

2.   Defendants plead payment as an affirmative defense.

3.   Plaintiff was an exempt employee from overtime pursuant to the statutory

1

exemptions under the Fair Labor Standards Act.

4.   Defendants had a reasonable and good faith belief that Plaintiff was an exempt employee from overtime pursuant to the statutory exemptions under the Fair Labor Standards Act and further that Defendants' conduct did not violate the Fair Labor Standards Act, state or federal law.

5.   Defendants relied in good faith on written administrative regulation, order, ruling, approval, or interpretation issued by the Department of Labor Wage and Hour Division as per 29 U.S.C. §259.

6.   Defendants do not believe that they are an "employer" for the purposes of the Fair Labor Standards Act.

7.   Plaintiff's claims are barred by the doctrine of estoppel.

8.   Plaintiff's claims are barred by waiver.

9.   Defendants claim a setoff and credit to the extent of any wages already received by Plaintiff.

10.   Plaintiff's claims are barred by accord and satisfaction.

11.   Plaintiff's claims are barred under the doctrine of unclean hands.

12.   Plaintiff's claims are barred under the doctrine of after-acquired evidence.

13.   Defendants' actions were taken for legitimate non-discriminatory and non-retaliatory reasons.

14.   Defendants allege they are not an "employer" as per Title VII (42 U.S.C. 2000) or under Chapter 21 of the Texas Labor Code.

Denial of Conditions Precedent

15.    Defendants allege that Plaintiff has failed to exhaust all administrative remedies and therefore this Court lacks subject- matter jurisdiction over the claims of Plaintiff.

## PRAYER

Defendants pray the Court, and after notice and hearing or trial, enters judgment in favor of Defendants, awards Defendants the costs of court, attorney's fees, and such other and further relief as Defendants may be entitled to in law or in equity.

Respectfully submitted,

By:/s/Nancy L. Perry
SBN#24041680
4408 Spicewood Springs
Austin, Texas 78759
Ph: 512-342-2717     Fax: 512-233-1777
Email: N.Perry@nlplaw.com
Attorney for Defendants

*Kevin Le & Lien Tran*

3

## CERTIFICATE OF SERVICE

I certify that on July 7, 2014 a true and correct copy of Defendants' Original Answer was served by the electronic court filing system and/or facsimile transmission on the following parties:

Aaron Johnson                                    VIA FAX: 512-474-0008
ajohnson@equaljusticecenter.org
William H. Beardall, Jr.
bbeardall@equaljusticecenter.org
Equal Justice Center and Transnational Worker Rights Clinic
510 S. Congress Avenue, Suite #206
Austin, Texas 78704

                                   /s/Nancy L. Perry
                                   Nancy L. Perry

4