UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAIDRO ROQUE, § | | |
|    *Plaintiff* § | | |
| § | | |
| v. § | | Case No. 1:14-cv-00621-LY |
| § | | |
| NEW 888 RESTAURANT, L.L.C. § | | |
| (d/b/a 888 PAN ASIAN RESTAURANT), § | | |
| KEVIN LE, AND LIEN TRAN aka § | | |
| LYNN TRAN | | |
|    *Defendants* § | | Jury Demanded |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE COURT:

    Now comes Jaidro Roque, Plaintiff in the above-styled action, complaining of the conduct of Defendants, and for cause of action respectfully shows this Court as follows:

### I.   INTRODUCTION

1.    This is a suit brought by the Plaintiff, Jaidro Roque, against the Defendants New 888 Restaurant L.L.C. (d/b/a 888 Pan Asian Restaurant), Kevin Le, and Lien Tran who regularly employed Mr. Roque for more than 40 hours per week at the 888 Pan Asian Restaurant in Austin, Texas, but consistently failed to pay him the minimum wages and overtime pay required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and the Texas Minimum Wage Act, TEX. LABOR CODE Chapter 62.

2.    Additionally, the Defendants subjected the Plaintiff to outrageous verbal and physical sexual harassment and sexual assault because he failed to conform to gender stereotypes. Defendants' harassment created a hostile work environment and culminated in the constructive termination of the Plaintiff's employment in violation of Title VII, 42 U.S.C. § 2000e *et seq*.

## II.   PARTIES

3. Plaintiff JAIDRO ROQUE is an individual residing in Travis County, Texas.

4. Defendant NEW 888 RESTAURANT, L.L.C. is a domestic limited liability company incorporated under the laws of the State of Texas and doing business in Texas. Defendant may be served by serving its registered agent, Kevin Le, at 2400 E. Oltorf, Suite 1-A, Austin, TX 78741.

5. Defendant KEVIN LE is an individual residing in Travis County, Texas. He may be served at his residence at 1903 Parker Ln, Austin, TX 78741.

6. Defendant LIEN TRAN is an individual residing in Travis County, Texas. She may be served at her residence at 1903 Parker Ln, Austin, TX 78741.

## III.   JURISDICTION

7. This court has jurisdiction to hear the merits of Plaintiffs' claims under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (Federal Question). Plaintiffs seek monetary relief within the court's jurisdictional limits.

## IV.   VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b). The events forming the basis of this suit occurred in Austin, Texas.

## V.   FACTS

9. From June 2012 through approximately March 2013 (the "relevant period"), the Plaintiff was employed as a kitchen worker in the Defendants' restaurant, known as 888 Pan Asian Restaurant and located at 2400 East Oltorf Street, Suite 1-A, Austin, Travis County, Texas.

10. At all times during the relevant period, Plaintiff's employment by 888 Pan Asian Restaurant was covered by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

11.     At all times during the relevant period, 888 Pan Asian Restaurant has had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and has had an annual gross volume of sales made or business done of not less than $500,000.

12.     At all times during the relevant period, Plaintiff's employment was covered by the Texas Minimum Wage Act, TEX. LABOR CODE Chapter 62.

13.     At all times during the relevant period, Plaintiff's employment was covered by Title VII of the Civil Rights Act.

14.     At all times during the relevant period, each of the Defendants was an employer of the Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the Texas Minimum Wage Act, TEX. LABOR CODE Chapter 62, and Title VII of the Civil Rights Act, 42 U.S.C. Section 2000e *et seq*.

15.     Defendant New 888 Restaurant, L.L.C. formally owns and operates 888 Pan Asian Restaurant and controls all of its employment matters.

16.     Defendants Kevin Le and Lien Tran each possess the power to hire and fire employees of 888 Pan Asian Restaurant, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, and maintain employment records.

17.     In performing his duties as an employee of the Defendants, the Plaintiff regularly worked more than 40 hours per week. The Defendants did not pay the Plaintiff any overtime pay for hours the Plaintiff worked in excess of 40 hours a week, even though Defendants are required to do so by law.

18.     Moreover, the Defendants compensated the Plaintiff at a rate so low that the Plaintiff's earnings frequently fell below the minimum wage required by state and federal law.

19. From nearly the beginning until the end of Roque's employment, Defendant Kevin Le and two of Mr. Roque's supervisors, Johnny and Kir (spelling and last names unknown), harassed Roque on a daily basis, creating a hostile environment and intentionally or knowingly encouraging similar abuse from other coworkers and staff.

20. Defendant Le and the supervisors accused Mr. Roque of acting too feminine for a man, lectured him about gender roles, ridiculed his behavior and choice of dress, and effeminately mocked his mannerisms and the way he walked.

21. For example, on one occasion the supervisors asked Roque if his genitalia had been removed to fit into his tailored pants. On other occasions, the supervisors told Roque and female servers that Mr. Roque made a better woman than the female servers did, and that Roque's buttocks looked better in his pants than the female servers' buttocks did in their pants.

22. Defendant Le and the supervisors rarely used Roque's name, but usually referred to him with derogatory slurs for effeminate males in Spanish, such as "joto" and "maricon."

23. Defendant Le and the supervisors often grabbed Mr. Roque's chest and groped his buttocks while they taunted him.

24. On one occasion, Johnny caught Roque off guard in the bathroom, exposed his penis to Roque, and told him "I like it when a man and a woman suck my dick."

25. On another occasion, Roque's supervisors turned off the lights while Roque was in the cooler and sent a coworker in with Roque, who cornered Roque while he was disoriented, and groped and physically and sexually assaulted him.

26. On one occasion, Johnny pulled down his own underwear and forced his crotch toward Mr. Roque's face while he was stooped down gathering supplies.

27.     On a few occasions, Roque complained to Defendant Lien Tran about these attacks, but Tran took no corrective measures. Indeed, on one occasion, Roque attempted to defend himself from his supervisors' physical assault by throwing flour at them, but Defendant Tran reprimanded Roque instead of the supervisors.

28.     On a few occasions, Roque had to work so late that he missed the last bus on his route home and accepted a ride home from Johnny. On two such occasions, Johnny made sexual suggestions about Roque's buttocks and crotch and talked about oral sex for much of the ride. On the final occasion, Johnny grabbed Roque's hand, forced it to his crotch, and explicitly asked Mr. Roque to perform oral sex on him. When Roque refused, Johnny ejected him from the car. Subsequently, Johnny falsely bragged to his coworkers that Roque had performed sexual favors for him.

29.     Roque has never had any sexual or romantic relationship with Defendant Le or any of his supervisors.

30.     Roque quit in March 2013 because he dreaded going to work, feared for his physical safety, and could no longer tolerate the hostile work environment.

## VI.     CAUSES OF ACTION – MINIMUM WAGE AND OVERTIME

31.     The above-described actions of the Defendants violated the Plaintiff's rights under the Fair Labor Standards Act, for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

32.     The above-described actions of the Defendants violated the Plaintiff's rights under the Texas Minimum Wage Act, for which Plaintiff is entitled to relief pursuant to TEX. LABOR CODE §62.201 and §62.205.

## VII. CAUSES OF ACTION – SEX DISCRIMINATION

33. The above-described actions of the Defendants constitute discrimination on the basis of Plaintiff's sex, which resulted in tangible employment actions that altered the terms or conditions of his employment, including a hostile work environment and constructive discharge in violation of the Plaintiff's rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*

34. Plaintiff suffered severe emotional distress and damages as a result of the Defendants' conduct.

35. An award of exemplary damages is warranted because the Defendants acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

## VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

36. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding the conduct at issue in this Complaint. At least one example of Defendants' sexual harassment and the constructive termination of Plaintiff's employment took place within 300 days prior to filing his charge of discrimination.

37. Plaintiff's First Amended Complaint is filed within ninety days of Plaintiff's receipt of a Notice of Right to Sue letter from the EEOC.

## IX. ATTORNEY'S FEES

38. As a result of the Defendants' actions, the Plaintiff has had to engage counsel to pursue his claim and protect his legal rights. Pursuant to the Fair Labor Standards Act, the Texas Minimum Wage Act, and Title VII of the Civil Rights Act, the Plaintiff is entitled to recover from the Defendants all reasonable and necessary attorneys' fees and expenses.

## X. PRAYER

39. WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully prays that the Defendants be cited to appear and answer, and that, upon final trial, the Plaintiff have judgment against the Defendants for:

   a. Plaintiff's unpaid minimum wage and overtime compensation;

   b. An equal amount in liquidated damages;

   c. Award all available legal and equitable relief, including back pay, reinstatement or front pay, compensatory, and exemplary damages;

   d. Pre- and post- judgment interest as provided by law;

   e. Costs of court, attorney fees and expenses, and;

   f. All other relief to which the Plaintiff may justly be entitled.

Respectfully submitted,

By: /s/ Aaron Johnson
Aaron Johnson
Texas Bar No. 24056961
ajohnson@equaljusticecenter.org
EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER
RIGHTS CLINIC
510 Congress Ave., Ste. 206
Austin, Texas 78704
Tel (512) 474-0007, ext. 104
Fax (512) 474-0008

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

       This is to certify that on March 9, 2015, a true and correct copy of the foregoing has been served on the following CM/ECF participants:

| | |
|---|---|
| Brent A. Devere<br>Texas State Bar No. 00789256<br>BDevere@1411west.com<br>Law Offices of Brent A. Devere<br>1411 West Avenue, Suite 200<br>Austin, Texas 78701<br>Telephone: (512) 457-8080<br>Fax: (512) 457-8060<br><br>ATTORNEY FOR DEFENDANT<br>NEW 888 RESTAURANT, L.L.C.<br>(D/B/A 888 PAN ASIAN RESTAURANT) | Nancy L. Perry<br>Texas State Bar No. 24041680<br>N.Perry@nlplaw.com<br>4408 Spicewood Springs<br>Austin, Texas 78759<br>Telephone: (512) 342-2717<br>Fax: (512) 233-1777<br><br>ATTORNEY FOR DEFENDANTS<br>KEVIN LE AND LIEN TRAN |

 

_____
Aaron Johnson
Attorney for Plaintiff