IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAIDRO ROQUE, | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 1:14-cv-00621-LY |
| | § | |
| NEW 888 RESTAURANT, L.L.C. | § | |
| (d/b/a 888 PAN ASIAN RESTAURANT), | § | |
| KEVIN LE, AND LIEN TRAN | | |
| Aka LYNN TRAN, | | |
|    *Defendants* | | |

## DEFENDANT NEW 888 RESTAURANT, L.L.C.'S THIRD AMENDED ANSWER

**NOW COMES** New 888 Restaurant, L.L.C. d/b/a 888 Pan Asian Restaurant ("Defendant" herein), in the above-entitled and numbered cause, and hereby answers Plaintiff's Third Amended Complaint as follows:

1. Denied.

2. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendant admits in part that Plaintiff has paraphrased federal law.

1

8. Defendant admits venue is property in this Court without admitting the underlying facts/events.

9. Admit in part that the Plaintiff was a kitchen worker. However, Defendant denies that Plaintiff was employed during March of 2013.

10. Denied.

11. Defendant can not admit or deny at this time due to lack of sufficient information, and requires further investigation and discovery in this regard. Defendant will amend as soon as it is in possession of the necessary facts, including financial records.

12. Denied.

13. Denied.

14. Denied.

15. Defendant admits that New 888 Restaurant, L.L.C. owns and operates 888 Pan Asian Restaurant. However, Defendant denies that it "controls" all of its employment matters.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendant can not admit or deny at this time due to lack of sufficient information and requires further investigation and discovery in this regard. Defendant will amend as soon as it is in possession of the necessary facts.

37. Defendant can not admit or deny at this time due to lack of sufficient information and requires further investigation and discovery in this regard. Defendant will amend as soon as it is in possession of the necessary facts.

38. Denied.

39. Defendant denies that Plaintiff is entitled to any of the relief requested in this paragraph and the complaint.

# AFFIRMATIVE DEFENSES

By way of further answer, if any is needed, Defendant shows the following:

1. Defendant pleads payment as an affirmative defense.

2. Plaintiff was an exempt employee from overtime pursuant to the statutory exemptions under the Fair Labor Standards Act.

3. Defendant had a reasonable and good faith belief that Plaintiff was an exempt employee from overtime pursuant to the statutory exemptions under the Fair Labor Standards Act and further that Defendant's conduct did not violate the Fair Labor Standards Act, state or federal law.

4. Defendant relied in good faith on written administrative regulation, order, ruling, approval, or interpretation issued by the Department of Labor Wage and Hour Division as per 29 U.S.C. §259, 29 U.S.C. §260, the Texas Labor Code, and any other applicable statute.

5. Plaintiff's claims are barred by 29 U.S.C. §254 at the very least to the extent Plaintiff engaged in activities which were preliminary and/or postliminary to their principle activities or incidental to them; and to the extent Plaintiff seek compensation for traveling to and from the place of employment.

6. Defendant does not believe that it is an "employer" for the purposes of the Fair Labor Standards Act.

7. Plaintiff's claims are barred by the doctrine of estoppel.

8. Plaintiff's claims are barred by waiver.

9. Defendant claims a setoff and credit to the extent of any wages already received by Plaintiff.

10. Plaintiff's claims are barred by accord and satisfaction.

11. Plaintiff's claims are barred under the doctrine of unclean hands.

12. Plaintiff's claims are barred under the doctrine of after-acquired evidence.

13. Defendant's actions were taken for legitimate non-discriminatory and non-retaliatory reasons.

14. Defendant alleges it is not an "employer" as per Title VII (42 U.S.C. 2000) or under Chapter 21 of the Texas Labor Code.

15. Defendant alleges that Plaintiff should be barred on his sexual harassment and related claims in so much as at all times Defendant exercised reasonable care to prevent and promptly correct any harassing and/or discriminatory behavior; and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities that were provided.

16. Defendant alleges that Plaintiff should be barred on his claims for sexual harassment and related claims in so much as Plaintiff failed to notify any party of his alleged sexual harassment to Defendant (and therefore Plaintiff did not allow the Defendant and/or Co-Defendants to take corrective measures).

17. Defendant alleges that Plaintiff has failed to exhaust all administrative remedies and therefore this Court lacks subject- matter jurisdiction over the claims of Plaintiff.

18. Defendant denies that Plaintiff separated from the underlying business because of any unlawful conduct of Defendant.

19. Defendant pleads statute of limitations as an affirmative defense.

**PRAYER**

Defendant prays the Court, and after notice and hearing or trial, enters judgment in favor of Defendant, awards Defendant the costs of court, attorney's fees, and such other and further relief as Defendant may be entitled to in law or in equity.

Dated: June 7, 2016

Respectfully submitted,

/s/ Brent A. Devere
Brent A. Devere
SBN# 00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080    Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Defendant

*New 888 Restaurant, L.L.C. d/b/a 888 Pan Asian Restaurant*

# **CERTIFICATE OF SERVICE**

       I certify that on June 7, 2016 a true and correct copy of Defendant's Third Amended Answer was served by the electronic court filing system as indicated below:

Aaron Johnson
ajohnson@equaljusticecenter.org
William H. Beardall, Jr.
bbeardall@equaljusticecenter.org
Equal Justice Center and Transnational Worker Rights Clinic
510 S. Congress Avenue, Suite #206
Austin, Texas 78704


Nancy L. Perry
n.perry@nlplaw.com
4408 Spicewood Springs
Austin, Texas 78759

                                              /s/Brent A. Devere
                                              Brent A. Devere