IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAIDRO ROQUE, | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 1:14-cv-00621-DAE |
| | § | |
| NEW 888 RESTAURANT, L.L.C. | § | |
| (d/b/a 888 PAN ASIAN RESTAURANT), | § | |
| KEVIN LE, AND LIEN TRAN | | |
| Aka LYNN TRAN, | | |
|    *Defendants* | | |

# **DEFENDANT KEVIN LE'S AND LYNN TRAN'S JOINT THIRD AMENDED ANSWER**

**NOW COMES** Kevin Le and Lynn Tran, ("Defendant(s)" herein), in the above-entitled and numbered cause, and hereby answers Plaintiff's Third Amended Complaint as follows:

1. Denied.

2. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendants admit that Plaintiff has paraphrased federal law without admitting to the merits of Plaintiff's claims.

8. Defendant admits venue is property in this Court.

9. Defendants admit in part and deny in part: admit in part that the Plaintiff was a kitchen worker. However, Defendants deny that Plaintiff was employed during the dates currently pled.

10. Denied.

11. Defendant can not admit or deny at this time as they lack sufficient information, and require further investigation and discovery in this regard. Defendants will amend as soon as they are in possession of the necessary facts, including financial records.

12. Denied.

13. Denied.

14. Denied.

15. Defendants admit in part and deny in part: Defendants admit that New 888 Restaurant, L.L.C. owns and operates 888 Pan Asian Restaurant. However, Defendants deny that it controls all of its "employment matters."

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants can not admit or deny at this time as they lack sufficient information and require further investigation and discovery in this regard. Defendants will amend as soon as it is in possession of the necessary facts.

37. Defendants can not admit or deny at this time as they lack sufficient information and require further investigation and discovery in this regard. Defendants will amend as soon as it is in possession of the necessary facts.

38. Denied.

39. Defendants deny that Plaintiff is entitled to any of the relief requested in this paragraph and the complaint.

**AFFIRMATIVE DEFENSES**

By way of further answer, if any is needed, Defendant shows the following:

1. Defendants cannot be sued in the capacity for which they are sued as there is no individual liability under Title VII as the individual Defendants were not Plaintiff's employers.

2. Defendants plead payment as an affirmative defense.

2. Plaintiff was an exempt employee from overtime pursuant to the statutory exemptions under the Fair Labor Standards Act.

3. Defendants had a reasonable and good faith belief that Plaintiff was an exempt employee from overtime pursuant to the statutory exemptions under the Fair Labor Standards Act and further that Defendants' conduct did not violate the Fair Labor Standards Act, state or federal law.

4. Defendants relied in good faith on written administrative regulation, order, ruling, approval, or interpretation issued by the Department of Labor Wage and Hour Division as per 29 U.S.C. §259, 29 U.S.C. §260, the Texas Labor Code, and any other applicable statute.

5. Plaintiff's claims are barred by 29 U.S.C. §254 at the very least to the extent Plaintiff engaged in activities which were preliminary and/or postliminary to their principle activities or incidental to them; and to the extent Plaintiff seek compensation for traveling to and from the place of employment.

6. Defendants do not believe that it is an "employer" for the purposes of the Fair Labor Standards Act.

7. Plaintiff's claims are barred by the doctrine of estoppel.

8. Plaintiff's claims are barred by waiver.

9. Defendants claims a setoff and credit to the extent of any wages already received by Plaintiff.

10. Plaintiff's claims are barred by accord and satisfaction.

11. Plaintiff's claims are barred under the doctrine of unclean hands.

12. Plaintiff's claims are barred under the doctrine of after-acquired evidence.

13. Defendants' actions were taken for legitimate non-discriminatory and non-retaliatory reasons.

14. Defendants allege they are not an "employer" as per Title VII (42 U.S.C. 2000) or under Chapter 21 of the Texas Labor Code.

15. Defendants allege that Plaintiff should be barred on his sexual harassment and related claims in so much as at all times Defendants exercised reasonable care to prevent and promptly correct any harassing and/or discriminatory behavior; and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities that were provided.

16. Defendants allege that Plaintiff should be barred on his claims for sexual harassment and related claims in so much as Plaintiff failed to notify any party of his alleged sexual harassment to Defendants (and therefore Plaintiff did not allow the Co-Defendant and/or Defendants to take corrective measures.

17. Defendants allege that Plaintiff has failed to exhaust all administrative remedies and therefore this Court lacks subject- matter jurisdiction over the claims of Plaintiff.

18. Defendants deny that Plaintiff separated from the underlying business because of any unlawful conduct of Defendants.

19. Defendants plead statute of limitations as an affirmative defense.

**PRAYER**

Defendants pray the Court, and after notice and hearing or trial, enters judgment in favor of Defendants, awards Defendants the costs of court, attorney's fees, and such other and further relief as Defendants may be entitled to in law or in equity.

Dated: June 24, 2016

Respectfully submitted,

/s/Nancy L. Perry
Nancy L. Perry
SBN# 24041680
1004 West Avenue
Austin, Texas 78701
Ph: 512-479-5017 Fax: 512-479-0409
Email: n.perry@nlplaw.com
Attorney for Defendants
*Kevin Le and Lynn Tran*

## **CERTIFICATE OF SERVICE**

  I certify that on June 24, 2016 a true and correct copy of Defendants Joint Third Amended Answer was served by the electronic court filing system and facsimile transmission on the following parties as indicated below:

Aaron Johnson
ajohnson@equaljusticecenter.org
William H. Beardall, Jr.
bbeardall@equaljusticecenter.org
Equal Justice Center and Transnational Worker Rights Clinic
510 S. Congress Avenue, Suite #206
Austin, Texas 78704


Brent Devere
1411 West Avenue, Ste. 200
Austin, Texas 78701


             /s/Nancy L. Perry
             Nancy L. Perry